IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHYLLIS EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACT. NO. 1:21cv248-ECM |
| v. ) | [wo] |
| ) | |
| DOTHAN CITY SCHOOLS, *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a motion to dismiss filed by Defendants Dothan City Schools and Dothan City Board of Education (together referred to as "the Board"), and Michael Shmitz, Brenda Guilford, Franklin Jones, Susan Vierkandt, Brett Strickland, Amy Bonds, and Chris Maddox (collectively referred to as "the Board members"). (Doc. 22).

Plaintiff Phyllis Edwards ("Edwards") filed a complaint in this Court bringing a claim for violation of due process (count one), for conspiracy pursuant to 42 U.S.C. §1985 (count two), and a state-law breach of contract claim (count three). Edwards is alleged to be a citizen of Florida and the Defendants citizens of Alabama. The complaint seeks a specific amount, $584,032.67, in damages, and invokes diversity subject matter jurisdiction.[1]

---

[1] While the Defendants question the propriety of the exercise of supplemental jurisdiction over the state-law claim, Edwards has invoked diversity subject matter jurisdiction. The Defendants do not dispute their citizenship in Alabama or the amount in controversy.

Based upon a review of the record and the applicable law, and for the reasons that follow, the motion to dismiss is due to be GRANTED.

## I. LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, may be a factual or facial attack on subject matter

jurisdiction.² *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002). A factual attack permits the district court to weigh evidence outside the pleadings to satisfy itself of the existence of subject matter jurisdiction in fact. *Id.* at 1237. However, a facial attack merely questions the sufficiency of the pleading. *Id.* Under a facial attack, as here, the district court accepts the plaintiff's allegations as true and need not look beyond the face of the complaint to determine whether the court has subject matter jurisdiction. *Id.*

## II.    FACTS

The facts as alleged in the complaint are as follows:

Edwards was hired on January 16, 2018, as the Superintendent of the Dothan City Schools in Dothan, Alabama. Her employment contract with the Board was for a term of five years and four months, until June 30, 2023.

The complaint alleges that during her tenure, Edwards was subject to criticism and accusations by Board members outside of called Board meetings. Therefore, the complaint alleges, on September 8, 2020, Edwards submitted an "intent to resign" letter to the Board, consistent with her employment contract. (Doc. 1 para. 17).

The Defendants have attached Edwards' employment agreement to the motion to dismiss. It provided in relevant part as follows:

> Dr. Edwards may terminate this contract with or without cause by giving the Board notice in writing of her desire and election not to continue this contract at least 120 days before the effective date of the termination. In that event Dr. Edwards shall be entitled to compensation, remuneration and/or benefits

---

² Although in their motion the Defendants specifically cite only Rule 12(b)(6), they also invoke sovereign immunity, which is a jurisdictional issue, as a basis for dismissal.

> that have been accrued or earned as of the effective date of termination.

(Doc. 22-1 at 13).³

The Defendants also have attached Edwards' intent to resign letter to the motion to dismiss. In the letter Edwards stated, "I intend to tender my resignation to the Dothan City School Board. Please let me know who I should deal with to iron out the details." (Doc. 22-2). The complaint alleges that because this was only an intent to resign, Edwards did not give a date on which she planned to leave. (Doc. 1 para. 18).

The complaint alleges that on September 14, 2020, the Board voted to terminate Edwards' contract. The complaint further alleges that the Defendants terminated Edwards' contract "well within the 120 days required for termination under the contract." (*Id.* para. 19). The complaint refers to the minutes of the Board meeting, which have been provided by the Defendants. The minutes of the meeting do not include a motion to terminate the contract, but instead set out the following:

> **Addressing Resignation of Superintendent**
>
> > Motion to Address the Resignation of Dr. Phyllis Edwards on this day September 14, 2020. Motion made by: Mrs. Brenda Guildford, Motion seconded by: Mrs. Amy Bonds.
> >
> > Amend the motion to accept the resignation of Dr. Phyllis Edwards as Superintendent of Dothan City Schools on this day September 14, 2020. Motion made by: Mrs. Brenda Guildford, Motion seconded by: Mrs. Amy Bonds, Voting: Mr. Mike Schmitz—Yes, Mrs.

---

³ Although courts generally only consider the language of a complaint in deciding a Rule 12(b)(6) motion to dismiss, they may consider an extrinsic document when a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

> Brenda Guilford—Yes, Mrs. Amy Bond—Yes, Mr. Franklin Jones—No, Mr. Chris Maddox—Yes, Mr. Brett Strickland—Yes, Mrs. Susan Vierkandt—Yes.

(Doc. 22-3 at 2).[4]  The complaint alleges that the Board did not give Edwards a statement of cause or give her an opportunity to be heard.

Edwards seeks $584,032.67 as compensation for lost income and benefits for the remainder of her contract term.

### III.   DISCUSSION

A.  Federal Claims

Edwards argues that after she submitted her notice of intent to resign letter, as required by her contract, the Board terminated her employment without notice and opportunity to be heard, in violation of the due process clause.  The Defendants' position is that Edwards voluntarily left her employment, implicating no due process interest.

As a public employee dismissible only for cause, Edwards had "a constitutionally protected property interest in [her] tenure and [could not] be fired without due process." *Gilbert v. Homar*, 520 U.S. 924, 928–29 (1997).  Edwards alleges that she was wrongfully terminated by the Board.  While in ruling on a Rule 12(b)(b)(6) motion, this Court must accept the facts alleged in the complaint, the Court does not have to accept labels or conclusory allegations. *Iqbal,* 556 U.S. at 678.  The factual content pleaded by Edwards to support the conclusory allegation that the Board acted by "wrongfully terminating" her

---

[4] *Harris v. Pierce Cty., Ga.*, 2014 WL 3974668, at *3 (S.D. Ga. 2014)(finding that minutes of a meeting were a document which could be considered in deciding a motion to dismiss).

5

employment is the allegation that the Board voted to terminate her contract, with explicit reference to the minutes of the September 14, 2020 Board meeting. (Doc. 1 para. 19). The minutes of the September 14, 2020 meeting, however, which are incorporated by reference into her complaint, set out that the Board members voted on a motion to accept Edwards' resignation. (Doc. 22-3 at 2). The minutes reflect no motion to terminate Edwards' contract.

The Defendants take the position that under the contact the difference between an intent to resign and a resignation was the 120-day notice provision, which was waivable by the Board. (Doc. 28 at 5).[5] Under that view of the alleged facts, the Board accepted Edwards' letter as a resignation, so there is no deprivation of a protected interest. *See Blake v. City of Montgomery, Alabama*, 492 F. Supp. 3d 1292, 1311 (M.D. Ala. 2020) ("[I]f a person, otherwise entitled to due process, voluntarily resigns from employment, he foregoes any due process protection."), *aff'd sub nom. Blake v. City of Montgomery*, 2021 WL 5177429 (11th Cir. Nov. 8, 2021).

The Defendants alternatively argue that even if this view of the facts is incorrect, and Edwards did not resign, the availability of recourse in state court forecloses liability, citing *McKinney v. Pate,* 20 F.3d 1550 (11th Cir. 1994).

The Supreme Court has held that "[i]n situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless

---

[5] Edwards has only alleged that she had a protected interest in her employment (doc. 26 at 7) and has not claimed that the contract provision requiring compensation until the effective date of termination is a separately protected interest. *See Ingalls v. U.S. Space and Rocket Center*, 2015 WL 4528687, at *13 (M.D. Ala. 2015) (reasoning that an interference with a benefit of employment rather than employment itself is not constitutionally protected).

6

of the adequacy of a postdeprivation tort remedy to compensate for the taking." *Zinermon v. Burch*, 494 U.S. 113, 132 (1990). In *McKinney*, the Eleventh Circuit held that even if a plaintiff suffered a procedural deprivation at the hands of a biased board at his termination hearing, he did not suffer a violation of his procedural due process rights unless and until the State refused to make available a means to remedy the deprivation. *Id.* at 1563. This holding was based on Supreme Court precedent which has recognized that State action which impairs a protected property interest may require a predeprivation hearing, but there are exceptions to this general rule where predeprivation process is not feasible. *See id.* One such exception was recognized in *Parratt v. Taylor*, when the Court determined that failure to provide predeprivation process where a state actor was negligent, "not the result of some established state procedure," was not a violation of due process. 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 333 (1986). In *Hudson v. Palmer*, the Court reasoned that the state also "can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." 468 U.S. 517, 521 n.2.

In analyzing a due process claim, therefore, "a distinction is drawn between cases in which a state process itself is challenged, and cases in which the procedures as applied are challenged." *Hill v. Manning*, 236 F. Supp. 2d 1292, 1298 (M.D. Ala. 2002) (citing *McKinney* and *Bell v. City of Demopolis*, 86 F.3d 191, 192 (11th Cir. 1996)). This Court has found in another case that a due process violation is complete where the procedures themselves failed to provide due process. *See Ron Grp., LLC v. Azar*, 2021 WL 5570309, at *13 (M.D. Ala. Nov. 29, 2021)(finding a complete due process violation where "the

7

Commissioner's actions in depriving Blue Sky of its reimbursements via recoupment were neither random nor unauthorized . . . ."). This district also has concluded that where a public employee challenges the failure to provide a hearing before termination of his employment as required by established procedure, the due process violation is not complete unless and until there is an inadequate postdeprivation remedy. *See, e.g., Kilpatrick v. Crenshaw Cty. Comm'n*, 2016 WL 3251605, at *4 (M.D. Ala. 2016), *judgment entered sub nom. Kilpatrick v. Crenshaw Cty. Comm'n*, 2016 WL 3234562 (M.D. Ala. 2016).

In analyzing the nature of the alleged deprivation in this case, this Court heeds the Eleventh Circuit's caution against "gutting any notions of predeprivation due process and blanketly holding that a state can effectuate any and all deprivations under a 'shoot first, ask questions later' mentality, so long as it offers ex post facto recourse." *Barr v. Johnson*, 777 F. App'x 298, 303 (11th Cir. 2019).

When the allegation in the complaint that Edwards' employment was "terminated" by the Board is considered along with the supporting facts from the incorporated minutes, namely, that the Board members voted on a motion to accept her resignation, the complaint alleges that the Board terminated Edwards' employment when it misinterpreted her intent to resign letter as a resignation and voted to accept it. In other words, although Board action terminated her employment, the action was a result of a misinterpretation. The Court finds that this alleged action by the Board, therefore, was random and unauthorized conduct. *Cf. San Geronimo Caribe Project, Inc. v. Acevedo-Vila*, 687 F.3d 465, 490 (1st Cir. 2012) (en banc) (holding that an erroneous judgment based on a mistake "was exactly

the type of 'random and unauthorized conduct' encompassed by *Parratt–Hudson*."). Therefore, there only must be an adequate postdeprivation remedy to satisfy due process.

Edwards has not responded to the Defendants' argument regarding the adequacy of postdeprivation remedies. It has been established that Alabama provides an adequate postdeprivation remedy through recourse to its judicial system. *See Bell,* 86 F.3d at 192 (holding Alabama courts review employment termination proceedings both to determine whether they are supported by substantial evidence and to see that the proceedings comport with procedural due process). Accordingly, this Court concludes that Edwards has failed to state a claim of violation of procedural due process and that the claim is due to be DISMISSED with prejudice.

2. Conspiracy

The Defendants move to dismiss Edwards's federal conspiracy claim on the grounds that there is no underlying violation and that the claim is barred by the intra-corporate conspiracy doctrine.

For the reasons stated above, Edwards has failed to state a claim for an underlying constitutional violation. "[T]here can be no conspiracy where there is no underlying wrongful act." *Mays v. U.S. Postal Serv*., 928 F. Supp. 1552, 1561 (M.D. Ala. 1996), *aff'd*, 122 F.3d 43 (11th Cir. 1997). Alternatively, Edwards has failed to state a claim because the intra-corporate conspiracy doctrine provides that a public entity cannot conspire with its employees. *See Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 768 (11th Cir. 2000). The conspiracy claim, therefore, is due to be DISMISSED with prejudice.

B. State-law Claim

The Defendants move to dismiss the breach of contract claim brought against the Board and the Board members in their official capacities on the basis of sovereign immunity. They also move to dismiss the breach of contract claim brought against the Board members in their individual capacities on the basis of Edwards' failure to state a claim.

Pursuant to Art. I, section 14 of the Alabama Constitution, the State of Alabama has absolute immunity from lawsuits, which extends to arms or agencies of the state. *Ex parte Tuscaloosa County*, 796 So. 2d 1100, 1103 (Ala. 2000). Under Alabama law, boards of education are "local agencies of the state," and thus immune from suit. *Ex parte Hale Cty. Bd. of Educ.*, 14 So. 3d 844, 848 (Ala. 2009). "That immunity extends to all legal claims, including those for breach of contract, against all State agencies and local agencies of the State, including local boards of education." *S.C. v. Huntsville City Sch.*, 441 F. Supp. 3d 1228, 1239 (N.D. Ala. 2020); *see also Ex parte Phenix City Bd. of Educ.*, 67 So. 3d 56, 60 (Ala. 2011) ("City boards of education are local agencies of the State."). Therefore, the Board is immune from Edwards' breach of contract claim.

In arguing that she can proceed on her breach of contract claim against the Board members in their official capacities, Edwards relies on *Burch v. Birdsong*, 181 So. 3d 343 (Ala. Civ. App. 2015). In *Burch*, the Alabama Court of Civil Appeals explained that "although actions seeking backpay are not permitted under § 14, actions seeking prospective relief like enforcement of a policy or reinstatement are not barred by § 14." *Id.* at 351. The court held that because the plaintiff "did not specifically seek backpay in her

10

complaint, and, in her brief to this court, Burch admits that she did not seek damages or backpay because she was aware that § 14 immunity barred any recovery of such damages," her claim seeking an order to compel the school board members to prospectively comply with the legal duties under the employment contract was not barred. *Id.*

In contrast to *Burch*, in this case, the only relief Edwards has sought in her complaint is an award of money damages. (Doc. 1). Her claim against the Board members in their official capacities, therefore, also is barred by sovereign immunity. Accordingly, the breach of contract claims against the Board and the Board members in their official capacities are due to be DISMISSED without prejudice on the basis of sovereign immunity.[6]

Although individual capacity claims against the Board members are not barred by sovereign immunity, "agents cannot be held liable for a principal's breach of contract." *Harrell v. Reynolds Metals Co.*, 495 So. 2d 1381, 1389 (Ala. 1986). Edwards' contract was with the Board, not the Board members in their individual capacities. (Doc. 1); *see also Ogburia v. Alabama Agric. & Mech. Univ.*, 2008 WL 11379978, at *16 (N.D. Ala. Jan. 7, 2008)(finding "any claim for breach of contract is a claim against Alabama A&M because Alabama A&M was, as alleged by Plaintiff, Plaintiff's employer and, under Alabama law, an agent cannot be held liable for his principal's breach of contract.").

---

[6] Because the dismissal of the breach of contract claim is not on the merits, but for lack of jurisdiction, Edwards may be able to pursue some other form of relief for breach of contract in another case or different forum. *See S.C.*, 441 F. Supp. 3d at 1239 (noting, "[c]laimants who cannot pursue a state law breach of contract claim against state entities in a judicial forum could seek relief from the Alabama Board of Adjustment.").

11

Therefore, the breach of contract claims against the Board members in their individual capacities are due to be DISMISSED with prejudice.

## IV. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the motion to dismiss (doc. 22) is GRANTED as follows:

1. The federal due process and conspiracy claims in counts one and two of the complaint are DISMISSED with prejudice.

2. The breach of contract claim in count three against the Board and the individual Defendants in their official capacities is DISMISSED without prejudice on the basis of sovereign immunity.

3. The breach of contract claim in count three against the individual Defendants in their individual capacities is DISMISSED with prejudice.

DONE this 28th day of February, 2022.

    /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE