IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHYLLIS EDWARDS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACT. NO. 1:21cv248-ECM |
| | ) [wo] |
| DOTHAN CITY SCHOOLS, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

This cause is before the Court on a limited remand from the Eleventh Circuit Court of Appeals to determine whether this Court has subject matter jurisdiction.

Specifically, this Court has been directed to determine the citizenship of Defendants Dothan City Schools and Dothan City Board of Education, Michael Schmitz, Brenda Guilford, Franklin Jones, Susan Vierkandt, Brett Strickland, Amy Bonds, and Chris Maddox to determine whether there is diversity subject matter jurisdiction in this case.

The Plaintiff moves to amend her complaint to reflect (doc. 36), and the parties have filed a Joint Stipulation as to Diversity of Citizenship wherein they state, that Defendants Michael Schmitz, Brenda Guilford, Franklin Jones, Susan Vierkandt, Brett Strickland, Amy Bonds, and Chris Maddox are citizens of the State of Alabama, whereas Plaintiff Phyllis Edwards is a citizen of the State of Florida (doc. 38). The parties also have stipulated that Defendants Dothan City Schools and the Dothan City Board of Education are political subdivisions of the State of Alabama (doc. 42), although the Plaintiff points

out that the real party is the Dothan City Board of Education and that naming Dothan City Schools as a party was redundant (doc. 43).

Parties may not stipulate to jurisdiction, but they may stipulate to facts that bear on the jurisdictional inquiry. *Eng'g Contractors Ass'n of S. Fla. Inc. v. Metro. Dade Cty.*, 122 F.3d 895, 905 (11th Cir. 1997).  In its Memorandum Opinion and Order in this case, this Court dismissed the state-law claim against the Dothan City Board of Education on the basis of state sovereign immunity.  The Eleventh Circuit has held that although state sovereign immunity applies to Alabama school boards, federal sovereign immunity does not. *See Walker v. Jefferson Cty. Bd. of Educ.*, 771 F.3d 748, 756 (11th Cir. 2014). Accordingly, the Dothan City Board of Education is not an arm of the state, but is instead a citizen of Alabama for the purpose of determining diversity jurisdiction. *See S.C. v. Huntsville City Sch.*, 441 F. Supp. 3d 1228, 1239 & n.6 (N.D. Ala. 2020).

The Court finds, therefore, that diversity subject matter jurisdiction exists in this case.  Accordingly, it is ORDERED that the motion to amend the complaint (doc. 36) is ORDERED DENIED as moot.

DONE this 6th day of September, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE